**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| **BRANDON MORGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:18-CV-919-VEH** |
| | ) |
| **PUBLIX SUPER MARKETS, INC.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a diversity jurisdiction case. Before the Court are Plaintiff Brandon

Morgan's Renewed Motion To Remand (doc. 9) filed on September 4, 2018, and

his Amended Renewed Motion To Remand (doc. 11) filed on September 7, 2018

(collectively, the "Renewed Remand Motions"). The Renewed Remand Motions

have been briefed (*see* docs. 12, 16, 18) and, accordingly, are ripe for review.

In Plaintiff's Renewed Motion To Remand, Plaintiff's sole basis for remand

is that his First Amended Complaint (doc. 8) adds a non-diverse defendant, Faye

Jones, who destroys complete diversity of the parties and causes the Court to lose

subject matter jurisdiction. (*See* doc. 9 at 2, ¶ 4). Similarly, in Plaintiff's Amended

Renewed Motion To Remand, Plaintiff's sole basis for remand is that both his

First Amended Complaint and his Second Amended Complaint[1] (doc. 10) (collectively, with the First Amended Complaint, the "Amended Complaints") add a non-diverse defendant, Faye Jones, who destroys complete diversity of the parties and causes the Court to lose subject matter jurisdiction. (*See* doc. 11 at 2, ¶ 6).

The Renewed Remand Motions are due to be **DENIED** for two alternative reasons. First, they are based on Amended Complaints that have been stricken. (*See* doc. 19). Alternatively, Plaintiff cannot add Faye Jones as a non-diverse defendant because the statute of limitations on Plaintiff's claims against Faye Jones has run, and Plaintiff's amendments to his Complaint (doc. 1-1) do not relate back.

## I.    PROCEDURAL HISTORY

On May 4, 2018, Plaintiff filed his Complaint in the Circuit Court of Marshall County, Alabama. In the caption of his Complaint, Plaintiff named the following entities as defendants: "Publix Super Markets, Inc. and Corporate Creations Network, Inc., et al." (*Id.* at 2) (capitalization omitted). Plaintiff alleges that, "[o]n or about May 6, 2016," while he "was a business invitee/licensee on the

---

[1] Plaintiff's First Amended Complaint and his Second Amended Complaint are the same except that Plaintiff's Second Amended Complaint corrects an error in the caption regarding Faye Jones's first name. (*See* doc. 11 at 2, ¶¶ 4-5); *see also infra* Part I.

premises of Defendant's store," "[Defendant's] negligence and/or wantonness[] . . . caused [him] to slip and fall" and he consequently sustained injuries and damages. (*Id.* at 2, ¶¶ 2-6).

On May 6, 2018, the statute of limitations for Plaintiff's claims ran. *See* Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").

On June 14, 2018, Defendant Publix Super Markets, Inc., ("Publix") filed and served a Notice of Removal (doc. 1), which removed the case to this Court. Publix also filed an Answer (doc. 5) on June 25, 2018.

On July 13, 2018, Plaintiff filed a Motion To Remand. (Doc. 6). In his Motion To Remand, Plaintiff's sole basis for remand was that his amended complaint added a non-diverse defendant, Faye Jones, who destroyed complete diversity of the parties and caused the Court to lose subject matter jurisdiction. (*See id.* at 2, 4-5). However, at that time, Plaintiff had not yet filed his amended complaint into the record. (*See* Docket Sheet). Accordingly, because the Motion To Remand was based on an amended complaint that had not yet been filed into the record, the Court denied without prejudice the Motion To Remand on August 27, 2018. (Doc. 7).

On September 4, 2018, Plaintiff then filed his First Amended Complaint and his Renewed Motion To Remand. However, in the caption of his First Amended Complaint, Plaintiff incorrectly listed the newly added defendant as Faith Jones instead of Faye Jones. (*See* doc. 8 at 1). Accordingly, on September 7, 2018, Plaintiff filed his Second Amended Complaint and his Amended Renewed Motion To Remand. In the caption of his Second Amended Complaint, Plaintiff correctly listed the newly added defendant as Faye Jones. (*See* doc. 10 at 1).

On September 20, 2018, Publix filed its opposition (doc. 12) to the Renewed Remand Motions. The Court then held a hearing on the Renewed Remand Motions on October 3, 2018. Plaintiff filed his reply brief (doc. 16) in support of the Renewed Remand Motions on October 4, 2018. Publix filed its sur-reply (doc. 18) in opposition to the Renewed Remand Motions on October 11, 2018.[2]

Finally, on December 3, 2018, the Court entered an Order (doc. 19) striking Plaintiff's First Amended Complaint and his Second Amended Complaint because

---

[2] The Court's CM/ECF electronic filing system lists Publix's opposition, Plaintiff's reply brief, and Publix's sur-reply as being filed only in response to the Amended Renewed Motion To Remand and not also in response to the Renewed Motion To Remand. However, because the Renewed Remand Motions are identical (except for necessary changes to reflect that, after Plaintiff filed the Renewed Motion To Remand, Plaintiff filed a Second Amended Complaint that corrected an error in the caption of the First Amended Complaint), *see* docs. 9, 11; *see also supra* note 1, the Court will treat the briefs as being in response to both of the Renewed Remand Motions.

they were not filed, as required by Federal Rule of Civil Procedure 15, within the deadline to file them as a matter of course, with the opposing party's written consent, or with the Court's leave. *See* FED. R. CIV. P. 15.

## II.   STANDARD: RELATION BACK DOCTRINE

Federal Rule of Civil Procedure 15(c) addresses the relation back of amendments to an initial pleading:

**(c) Relation Back of Amendments.**

> **(1)** *When an Amendment Relates Back.*  An amendment to a pleading relates back to the date of the original pleading when:
>
>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>>
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the

merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c) (emphasis added).

Here, Alabama law provides the applicable statute of limitations for Plaintiff's claims. *See* Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). Accordingly, Federal "Rule 15(c)(1) directs us to Alabama law governing relation back of amendments." *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 964 (11th Cir 2001). Alabama Rule of Civil Procedure 15(c) provides as follows:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or

(3) the amendment, other than one naming a party under the

party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or

(4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).

ALA. R. CIV. P. 15(c).

## III. ANALYSIS

The Renewed Remand Motions are due to be denied because they are based on Amended Complaints that have been stricken. (*See* doc. 19). Alternatively, the Renewed Remand Motions are due to be denied because Plaintiff cannot add Faye Jones as a non-diverse defendant. The statute of limitations on Plaintiff's claims against Faye Jones has run, and Plaintiff's amendments to his Complaint do not relate back.

### A. The Renewed Remand Motions Will Be Denied Because They Are Based on Amended Complaints That Have Been Stricken

In his Renewed Motion To Remand, Plaintiff's sole basis for remand is that his First Amended Complaint adds a non-diverse defendant. (*See* doc. 9 at 2, ¶ 4).

Similarly, in his Amended Renewed Motion To Remand, Plaintiff's sole basis for remand is that both his First Amended Complaint and his Second Amended Complaint add a non-diverse defendant. (*See* doc. 11 at 2, ¶ 6).

However, the Court struck Plaintiff's First Amended Complaint and his Second Amended Complaint because they were not filed in accordance with Federal Rule of Civil Procedure 15. (*See* doc. 19). Because Plaintiff's First Amended Complaint and his Second Amended Complaint have been stricken, Plaintiff's Renewed Remand Motions are based on Amended Complaints that have been stricken. Accordingly, the Court will deny Plaintiff's Renewed Remand Motions for this reason.

**B.**     **The Renewed Remand Motions Will Be Denied Because Plaintiff Cannot Add Faye Jones as a Non-Diverse Defendant Since His Amendments to His Complaint Do Not Relate Back**

Plaintiff asserts that his amendments adding Faye Jones as a defendant relate back to his original Complaint under both Alabama Rules 15(c)(2) and 15(c)(4). (*See* doc. 16 at 2-3). However, Plaintiff's amendments do not relate back.

The Court will first address Alabama Rule 15(c)(4). The Court will then address Alabama Rule 15(c)(2).

1.     *Plaintiff's Amendments Adding Faye Jones Do Not Relate Back Under Alabama Rule 15(c)(4)*

8

Alabama Rule 15(c)(4) provides that an amendment "relates back to the date of the original pleading when" "relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." ALA. R. CIV. P. 15(c). Alabama Rule of Civil Procedure 9(h) provides as follows:

> **(h) Fictitious Parties.** When a party is ignorant of the name of an opposing party and <u>so alleges in the party's pleading</u>, the opposing party may be <u>designated by any name</u>, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

ALA. R. CIV. P. 9(h) (emphases added). "To invoke the relation-back principle of [Alabama] Rules 9(h) and 15(c), the plaintiff," in addition to designating the fictitious party by any name, must also do the following:

> (1) . . . state a cause of action against the party named fictitiously in the body of the original complaint and (2) . . . be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was in fact the party intended to be sued.

*Crawford v. Sundback*, 678 So. 2d 1057, 1059 (Ala. 1996) (citing *Columbia Eng'g Int'l, Ltd. v. Espey*, 429 So. 2d 955 (Ala.1983)). Further, the plaintiff must "exercise due diligence to determine the true identity" of the party that he intended to sue. *Ex parte Hensel Phelps Const. Co.*, 7 So. 3d 999, 1003 (Ala. 2008).

Plaintiff's amendments adding Faye Jones as a defendant do not relate back under Alabama Rule 15(c)(4) because Plaintiff meets none of the requirements of

Alabama Rules 9(h) and 15(c)(4). First, Plaintiff did not name a fictitious party in his Complaint or allege that he was ignorant of the name of an opposing party. Second, Plaintiff failed to state a cause of action against a fictitious party. Third, Plaintiff did not exercise due diligence in determining the true identity of Faye Jones.

>    a.    <u>Plaintiff did not name a fictitious party in his original Complaint or allege that he was ignorant of the name of an opposing party</u>

Plaintiff asserts that Alabama Rule 9(h) "provides that a fictitious party may be named by any name." (Doc. 16 at 2). Plaintiff argues that he "adequately describe[d] a fictitiously named defendant" in his original Complaint because of the combination of two aspects of his Complaint: (1) his inclusion of "et al." in the caption of his Complaint, and (2) his reference to Publix's agents in paragraph 3 of his Complaint in which he "alleged that a dangerous condition was created 'by the [Defendant] or its agents.'"[3] (*See id.* at 2-3) (alteration in original).

Plaintiff's argument, however, is incorrect in two ways. First, Alabama Rule 9(h) actually states that, "[w]hen a party is ignorant of the name of an opposing party <u>and so alleges in the party's pleading</u>, the opposing party may be designated

---

[3]  The Court notes that Faye Jones was an employee of Publix. (*See* doc. 12 at 4) ("Faye Jones was the DSD Clerk at Publix Store # 745." (citing source)).

by any name." ALA. R. CIV. P. 9(h) (emphasis added). In his Complaint, however, Plaintiff never alleged that he was ignorant of the name of an opposing party or made any statement to that effect.

Second, despite his argument to the contrary, Plaintiff failed to name a fictitious defendant in his Complaint. However, before discussing why Plaintiff did not adequately name a fictitious defendant in his Complaint, the Court notes that Plaintiff mischaracterizes his reference to Publix's agents in his Complaint in two ways. First, despite Plaintiff's assertion to the contrary, Plaintiff did not "allege[]" in paragraph 3 of his Complaint that "a dangerous condition was created 'by the [Defendant] or its agents.'" In paragraph 3 of his Complaint, Plaintiff alleges as follows:

> On this occasion, <u>Defendant</u> negligently and/or wantonly caused, permitted, allowed, or <u>created a dangerous condition</u> to exist on these premises in that debris, paper or other material was placed in the ingress/egress of the loading docket entrance to the Defendant's by the <u>Plaintiff or its agents</u>.

(Doc. 1-1 at 2, ¶ 3) (emphases added). Accordingly, Plaintiff only alleged that "[Publix] . . . created a dangerous condition" and not that its agents also created a dangerous condition. (*See id.*) Thus, as Publix points out, Plaintiff's reference to Publix's agents "was nothing more than a . . . specification as to how Publix[] . . . had 'caused, permitted, allowed, or created a dangerous condition.'"

11

(*See* doc. 18 at 10) (emphasis omitted). Second, the Complaint actually does not reference Publix's agents but instead references Plaintiff's agents. However, even treating this as a typographical error and thus treating the Complaint as if it referred to "Defendant or its agents" instead of "Plaintiff or its agents," Plaintiff's argument that he adequately named a fictitious defendant is still only based on the following two aspects of his Complaint: (1) the inclusion of "et al." in the caption of his Complaint, and (2) his reference to Publix's agents in paragraph 3 of his Complaint in which he <u>only</u> alleged that a dangerous condition was created by <u>Publix</u>.

These two aspects, even when combined, are insufficient to adequately name a fictitious defendant for two reasons. First, because Plaintiff's reference to Publix's agents was not made in the context of making an allegation against them—but instead only made in the context of explaining how Publix created a dangerous condition—Publix's agents were not referred to in any way as defendants. This lack of referring to Publix's agents as defendants becomes clearer when one looks to the rest of the Complaint. In paragraph 1 of the Complaint, in which Plaintiff defines the parties, Plaintiff only defines Publix as a defendant. (*See* doc. 1-1 at 2, ¶ 1) ("Defendant is a business corporation doing in [sic]

business in Madison County, Alabama.").[4] Further, throughout the Complaint, Plaintiff always uses the singular "Defendant" and never uses the plural "Defendants." (*See generally id.*) Because Publix's agents were <u>never</u> referred to in anyway as <u>defendants</u>, Plaintiff's reference to them cannot in any way be viewed as naming a <u>fictitious defendant</u>. Accordingly, the Court is only left with the other aspect of Plaintiff's Complaint that he uses to argue that he adequately named a fictitious defendant: the inclusion of "et al." in the caption of the Complaint.

Second, however, the Court finds that the inclusion of "et al." in the caption of the Complaint also does not in any way name a fictitious defendant. Alabama Rule 9(h) states that a fictitious party "may be designated by any <u>name</u>." ALA. R. CIV. P. 9(h) (emphasis added). However, as Publix points out, "et al." "comes from the Latin phrase for 'and others.'" (Doc. 18 at 9). Accordingly, the use of "et al." does not <u>name</u> any defendant but instead only indicates that there <u>are</u> other defendants not named in the caption. That "et al." is insufficient to name a defendant can be seen by examining Alabama Rule of Civil Procedure 10(a).

---

[4] The Court notes that in the caption of his Complaint, Plaintiff names both Publix and Corporate Creations Network, Inc., as defendants. However, in the body of his Complaint, Plaintiff only refers to a singular defendant, and it is clear that this defendant is Publix and not Corporate Creations Network, Inc. In fact, Plaintiff has admitted that he mistakenly included Corporate Creations Network, Inc., in the caption of the Complaint. (*See* doc. 1 at 4 n.2).

Alabama Rule 10(a) provides as follows:

> **(a) Caption; Names of Parties.** Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). <u>In the complaint</u> the title of the action shall include <u>the names of all the parties</u>, but in <u>other pleadings</u> it is sufficient to state the name of the first party on each side with <u>an appropriate indication of other parties</u>.

ALA. R. CIV. P. 10(a) (emphases added). While the Court recognizes that the purpose behind fictitious party pleading is that the plaintiff does not know the identity—and thus does not know the name—of at least one of the defendants, Alabama Rule 10(a) clearly prohibits using "et al." to name a party in a complaint. Instead, "et al." can only be used in subsequent pleadings to indicate that there are "other parties" in the case besides those named in the caption.

Accordingly, because neither Plaintiff's reference to Publix's agents nor Plainitff's use of "et al." in the caption of his Complaint can in any way be viewed as naming a fictitious defendant, the combination of these two aspects is insufficient to name a fictitious defendant. Thus, Plaintiff failed to satisfy Alabama Rule 9(h) and his amendments cannot relate back under Alabama Rule 15(c)(4).

> b. <u>Plaintiff failed to assert a cause of action against a fictitious party in his original Complaint</u>

Plaintiff's argument that he asserted a cause of action against a fictitious

party in his Complaint is as follows:

> [U]nder Alabama law, the standard for testing the sufficiency of a plaintiff's allegations against a fictitiously named defendant is as follows: "[a]ny count in a complaint which would state a cause of action under our liberal notice pleading rules would also state a cause of action against a fictitious party. One need not state with more particularity a cause of action against an unknown party as compared to a named party...." Ex parte Stover, 663 So. 2d 948, 950 (Ala. 1995). In light of the above, Plaintiff avers that his original Complaint should be deemed [sufficient in stating] a claim against a fictitious party."

(Doc. 16 at 3-4) (second alteration in original). While Plaintiff correctly cites *Ex parte Stover* for the proposition that "[o]ne need not state with more particularity a cause of action against an unknown party as compared to a named party," *Ex parte Stover*, 663 So. 2d at 952 (quoting *Columbia Eng'g Int'l, Ltd.*, 429 So. 2d at 960), Plaintiff fails to then argue how his Complaint asserts a cause of action against an unknown party. (*See* doc. 16 at 3-4). For the reasons discussed earlier regarding why Plaintiff did not assert a cause of action with his reference to Publix's agents, the Court finds that Plaintiff failed to assert a cause of action against a fictitious defendant in his Complaint. *See supra* Section III.B.1.a.

      c.    <u>Plaintiff did not exercise due diligence in determining the true identity of Faye Jones</u>

"The correct standard for determining whether a party exercised due diligence in attempting to ascertain the identity of the fictitiously named defendant

'is whether the plaintiff knew, <u>or should have known</u>, or was on notice, that the substituted defendants were in fact the parties described fictitiously.'" *Ex parte Nationwide Ins. Co.*, 991 So. 2d 1287, 1291 (Ala. 2008) (emphasis added) (quoting *Davis v. Mims*, 510 So. 2d 227, 229 (Ala. 1987)). Further, "the principal reason for the rule is to toll the statute of limitations <u>in emergency cases</u> where [the] plaintiff knows he has been injured and has a cause of action against some person or entity, but <u>has been unable to ascertain through due diligence</u> the name of that responsible person or entity." *Id.* at 1292 (emphases added) (quoting *Columbia Eng'g Int'l, Ltd.*, 429 So. 2d at 959). Importantly, "Rule 9(h) is not intended to give plaintiffs additional time beyond the statutorily prescribed period within which to formulate causes of action." *Id.*

In his Renewed Remand Motions, Plaintiff "restate[d] and reallege[d] all allegations made in [his first Motion To Remand] and incorporate[d] [them] as if fully set forth herein." (*See* doc. 9 at 1, ¶ 1; doc. 11 at 1, ¶ 1). This included his allegations in his Motion To Remand that (1) "Plaintiff obtained and provided incident/accident reports from the Defendant, Publix Super Market[s], Inc.[,] which fail to provide information as to the name or address of the employee who placed the debris on the loading dock," and (2) after his Complaint was filed, "[o]n or about July 11, 2018, . . . Plaintiff was able to locate a person who knew the

name of the employee, and learned that her name is Faye Jones." (Doc. 6 at 2, ¶¶ 5-6).

In response, Publix argues that Plaintiff did not exercise due diligence because he took insufficient action to request Fay Jones's identity from two available sources: (1) Chambers Bottling and (2) Publix. (*See* doc. 12 at 3-5, 11-12). Regarding Chambers Bottling, Publix attached to its opposition to the Renewed Remand Motions an Affidavit (doc. 12 at 19-20) of Nancy Klatt. Ms. Klatt is "currently employed with Chambers Bottling Company, LLC," which is where Plaintiff was employed when the relevant incident occurred, and she also "was personally involved in coordinating [Plaintiff's] worker's compensation benefits on behalf of the company." (*Id.* at 19, ¶¶ 2-5). Ms. Klatt states the following regarding Plaintiff's attempts (or lack thereof) to ascertain the identity of Faye Jones:

> 6. Chambers Bottling had been a vendor for Publix Store # 745 for many years prior to May 6, 2016, and as part of that relationship, Chambers Bottling's employees routinely coordinated with the DSD Clerk at that Publix Store. At all times after the subject incident on May 6, 2016, it was known to numerous individuals at Chambers Bottling, including [Plaintiff's] own supervisors, that Faye Jones was the DSD Clerk at Publix Store # 745. It was also known to [Plaintiff's] supervisors at Chambers Bottling that Faye Jones was present and working at Publix Store # 745 at the time of the subject incident on May 6, 2016.

7. To my knowledge, [Plaintiff] made no attempt at any time to determine the identity of the DSD Clerk at Publix Store # 745 <u>by requesting that information from anyone at Chambers Bottling</u>. Faye Jones'[s] identity as the DSD Clerk at Publix Store # 745 was readily available information, and had [Plaintiff] simply asked someone at Chambers Bottling, her identity would have been provided to him.

(*Id.* at 19-20, ¶¶ 6-7). Based on this Affidavit, Publix argues that "[Plaintiff] made no attempt at any time prior to filing his [Complaint] . . . to request [Faye Jones's] identity from anyone at Chambers Bottling." (*Id.* at 4) (citing source).

Regarding itself, Publix states that during Plaintiff's worker's compensation action filed on February 8, 2018, Plaintiff "issued a non-party subpoena to Publix, requesting a copy of Publix's 'investigation file,' including incident reports and witness statements." (*Id.* at 5) (citing source). Publix then argues that "[Plaintiff] could have included a request in his subpoena that Publix provide him with the identity of the DSD Clerk at Publix Store # 745, but no such request was made." (*Id.*) Lastly, Publix notes that "[o]n or about March 16, 2018, Publix produced to [Plaintiff] certain materials in response to his subpoena, including the CCTV video depicting the subject incident." (*Id.*) Although "Faye Jones was clearly depicted on that CCTV video, . . . [Plaintiff] made no follow-up request with Publix to identify Faye Jones or any other Publix associate depicted." (*Id.*)

Plaintiff then responds with two arguments. First, Plaintiff attempts to

dispute Ms. Klatt's Affidavit by arguing that "Ms. Klatt ['[a]pparently'] was unaware that . . . Plaintiff, by and through his counsel in the worker[']s compensation action, had issued subpoenas to Publix seeking a copy of the investigation file [in] an effort to acquire additional information on the underlying incident." (Doc . 16 at 4). Second, Plaintiff argues that he did not specifically request Faye Jones's identity from Publix when he issued them a subpoena during his worker's compensation action because "identifying Ms. Jones was not necessarily relevant to that action." (*Id.*)

After considering the arguments made by the parties and after reviewing Ms. Klatt's Affidavit, the Court finds that Plaintiff failed to exercise due diligence in attempting to identify Faye Jones. Plaintiff had at least two available sources of information from which to ascertain the identity of Faye Jones before the two-year statute of limitations ran: (1) Chambers Bottling and (2) Publix. Regarding Chambers Bottling, Ms. Klatt stated in her Affidavit that, to her knowledge, Plaintiff never requested the "identity of the DSD Clerk at Publix Store # 745 . . . from anyone at Chambers Bottling." (Doc. 12 at 20, ¶ 7) (emphasis added). Plaintiff's only attempt to dispute Ms. Klatt's Affidavit is by arguing that she "[a]pparently[] . . . was unaware that [he][] . . . had issued subpoenas to Publix." (Doc. 16 at 4) (emphasis added). Clearly, however, the fact that Plaintiff

issued subpoenas to Publix does not dispute the fact that he <u>never</u> requested the identity of the DSD Clerk from anyone at <u>Chambers Bottling</u>.

Regarding Publix, Plaintiff appears to have made only <u>one attempt</u> to ascertain the identity of Faye Jones, which was his requesting of the investigation file, including incident reports, <u>less than three months before the statute of limitations ran on his claims against Faye Jones</u>.[5] Notably, Plaintiff <u>never</u> specifically requested from Publix the identity of Faye Jones. This inaction of not specifically requesting the identity of Faye Jones is not excused, as Plaintiff argues, by the fact that Faye Jones's identity was considered irrelevant to his worker's compensation action. Plaintiff could have requested Faye Jones's identity at any time during the two-year statute of limitations period. Further, despite the irrelevancy of Faye Jones's identity to the worker's compensation action, Plaintiff still had the opportunity during the worker's compensation action to request the

---

[5] The Court notes that in his Renewed Remand Motions, Plaintiff states that he "obtained . . . incident/accident reports" from Publix but did not specify when this happened. (*See* doc. 9 at 1, ¶ 1; doc. 11 at 1, ¶ 1) (incorporating doc. 6 at 2, ¶ 5, into the Renewed Remand Motions). Then, in his reply brief in support of his Renewed Remand Motions, Plaintiff states that he "issued subpoenas to Publix seeking a copy of the investigation file." (Doc. 16 at 4). Because the investigation file included incident reports (*see* doc. 12 at 5), the Court believes these two statements are referring to the same action taken by Plaintiff and the same documents. However, even if these are two separate actions, the Court notes that this would not affect its finding that Plaintiff should have known the identity of Faye Jones and thus did not exercise due diligence.

identity of Faye Jones and yet failed to do so. Finally, even though the incident reports failed to identify Faye Jones, Plaintiff also obtained a copy of the CCTV video depicting the incident. Although "Faye Jones was <u>clearly depicted</u> on that CCTV video, . . . [Plaintiff] made no follow-up request with Publix to identify Faye Jones or any other Publix associate depicted." (Doc. 12 at 5) (emphasis added). Thus, once again, Plaintiff had an opportunity to specifically request Faye Jones's identity yet failed to do so.

Overall, despite having two available sources—Chambers Bottling and Publix—that could have provided him with the identity of Faye Jones, Plaintiff <u>never</u> requested any information from Chambers Bottling and waited until <u>less than three months</u> before the running of the statute of limitations to request <u>anything</u> from Publix. Further, Plaintiff <u>never</u> specifically requested Faye Jones's identity from anyone, even after having a CCTV video that clearly depicted her. Accordingly, based on the sources that were available to him and his lack of attempts to ascertain Faye Jones's identity, the Court finds that, although Plaintiff did not know her identity at the time he filed his Complaint, Plaintiff "should have known" Faye Jones's identity. *See Ex parte Nationwide Ins. Co.*, 991 So. 2d at 1291 (stating that "[t]he correct standard for determining whether a party exercised due diligence" includes whether the plaintiff "should have known" the identity of

the fictitiously named defendant (quoting *Davis*, 510 So. 2d at 229)). Thus,

Plaintiff failed to exercise due diligence in ascertaining the identity of Faye Jones.

*See Bowen v. Cummings*, 517 So. 2d 617, 618 (Ala. 1987) ("Rule 9(h) was not

meant to allow a party to sit back for almost two years and make only one attempt

at learning the defendant's name, and then, failing [in his attempts], simply to list

fictitious defendants.").

Overall, for these three alternative reasons, Plaintiff has failed to satisfy the

requirements of Alabama Rules 9(h) and 15(c)(4). Accordingly, Plaintiff's

amendments adding Faye Jones as a defendant do not relate back under Alabama

Rule 15(c)(4).

> 2. *Plaintiff's Amendments Adding Faye Jones Do Not Relate Back Under Alabama Rule 15(c)(2)*

Alabama Rule 15(c)(2), with one exception not relevant here, allows for a

"claim or defense" to relate back to the original complaint if such claim or defense

"arose out of the conduct, transaction, or occurrence set forth or attempted to be

set forth in the original pleading." ALA. R. CIV. P. 15(c)(2) (emphasis added).

Plaintiff argues that his claims against Faye Jones in his Amended Complaints

relate back because they arose out of "the exact conduct" that he set forth in his

Complaint. (Doc. 16 at 3).

However, Plaintiff's argument ignores the fact that Alabama Rule 15(c)(2) only allows for the relation back of a "claim or defense." *See* ALA. R. CIV. P. 15(c)(2). Here, however, in order for any claim against Faye Jones to relate back, Plaintiff must first substitute Faye Jones for a fictitiously named defendant, which, as discussed earlier, he cannot do under Alabama Rule 15(c)(4). Further, Plaintiff cannot use Alabama Rule 15(c)(2) to evade the requirements of Alabama Rule 15(c)(4). *See Smith v. City of Homewood*, No. 04-0802, 2005 WL 8157809, at *8 (N.D. Ala. June 28, 2005) (stating, in a case involving substituting a defendant for a fictitious defendant and also adding a claim, that "only subsection (c)(4) potentially is applicable in this case" (footnote omitted)). Accordingly, Plaintiff's amendments adding Faye Jones as a defendant and then adding a claim against her do not relate back under Alabama Rule 15(c)(2).

## IV.   CONCLUSION

Plaintiff's sole bases for remand in his Renewed Remand Motions are that his Amended Complaints add a non-diverse defendant, Faye Jones, who destroys complete diversity of the parties and thus causes the Court to lose subject matter jurisdiction. Despite Plaintiff's arguments, however, the Court will not remand this case for two alternative reasons.

First, the Amended Complaints on which the Renewed Remand Motions are

23

based have been stricken. Alternatively, the statue of limitations on Plaintiff's claims against Faye Jones has run, and Plaintiff's amendments adding Faye Jones as a defendant in his Amended Complaints do not relate back under either Alabama Rules 15(c)(4) or 15(c)(2). The amendments do not relate back under Alabama Rule 15(c)(4) for three alternative reasons: (1) Plaintiff did not name a fictitious party in his Complaint or allege that he was ignorant of the name of an opposing party; (2) Plaintiff failed to state a cause of action against a fictitious party; and (3) Plaintiff did not exercise due diligence in determining the true identity of Faye Jones. The amendments do not relate back under Alabama Rule 15(c)(2) because that rule cannot be used to substitute a named defendant for a fictitious defendant.

For the reasons stated in this opinion, Plaintiff's Renewed Motion To Remand is **DENIED** and his Amended Renewed Motion To Remand is also **DENIED**.

**DONE** and **ORDERED** this the 3rd day of December, 2018.

**VIRGINIA EMERSON HOPKINS**
Senior United States District Judge